**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GANESAN ALAGAPPAN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BAIDU, INC., ROBIN YANHONG LI, HERMAN CHENG-CHUN YU, AND JENNIFER XINZHE LI, <br><br> Defendants. | **CASE No.: 1:20-cv-03794-RRM-RLM** <br><br> **OPPOSITION OF BENJAMIN PAZ TCHIMINO AND INVERIONES B Y J LIMITADA TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br><br> **CLASS ACTION** |
| HARINATH NAMPALLY, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BAIDU, INC., ROBIN YANHONG LI, HERMAN CHENG-CHUN YU, and JENNIFER XINZHE LI, <br><br> Defendants. | **CASE No.: 1:20-cv-04430-RPK-RLM** <br><br> **CLASS ACTION** |

1

## PRELIMINARY STATEMENT

Before the Court are three competing lead plaintiff motions.[1] Of the competing movants, Benjamin Paz Tchimino and Inveriones B Y J Limitada (collectively, the "Paz Tchimino and Inveriones" or "Movant") have – by far – the largest financial interest with over $2 million in losses—$600,000 more than the movant in second place.  Because Movant has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA provides that Movant is presumed to be the "most adequate plaintiff[s]" and, therefore, should be appointed lead plaintiff on behalf of the putative class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## ARGUMENT

## I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons…that . . . has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I).  Here, Paz Tchimino and Inveriones suffered the largest loss of any movant, the factor that Courts across the country recognize as the most significant factor to be considered. *See e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 NGG RER, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* No. 06CV1825NGGRER, 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial

---

[1]  On October 30, 2020, movant Mark Elstob filed a notice of non-opposition to competing lead plaintiff motions. (Dkt. No. 26). On November 2, 2020, movants Nicholas Karant and Jason Maine filed notices of non-opposition to competing lead plaintiff motions. (Dkt. No. 27, 28).

interest."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, Movant's financial interest is by far the greatest of all the lead plaintiff movants:

| Movant | Loss LIFO |
|---|---|
| 1. Paz Tchimino and Inveriones | $2,064,160.23 |
| 2. Central Pennsylvania Teamsters Pension Funds | $1,403,816.99 |
| 3. Houston Municipal Employees Pension System | $766,183.00 |

Moreover, as set forth in Movant's opening papers, Movant has made a *prima facie* showing of adequacy and typicality. Movant's claims are typical of other class members because his claims arise from the same legal theories and same nucleus of fact. Movant's interests are aligned with other class members' interests as he has the same incentive to prove Defendants' fraud. There are no conflicts of interest between Movant and absent class members. *See* Opening Br. at 7-8. (Dkt. No. 11).

In short, because Movant has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, Movant is the presumptive lead plaintiff and should be appointed lead plaintiff.

## II.    THE PRESUMPTION IN FAVOR OF MOVANT HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling Paz Tchimino and Inveriones to be lead plaintiff, the PSLRA requires "***proof***" that the presumptive lead plaintiff is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Paz Tchimino

and Inveriones. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Movant, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("Speculation and conjecture from one interested party is not enough to prove a nefarious collaboration[.]"; *Labul, v. XPO Logistics, Inc.,* No. 3:18-CV-2062 (VLB), 2019 WL 1450271, at *9 (D. Conn. Apr. 2, 2019) ("Proof of inadequacy, and not merely speculation, is required to rebut the presumption of most adequate plaintiff.").

Furthermore, Paz Tchimino and Inveriones is a proper lead plaintiff group with a preexisting relationship as Paz Tchimino is the owner and partner of Inveriones.  Additionally, Paz Tchimino is a sophisticated businessperson and investor.  Paz Tchimino is an architect who graduated from Universidad de Chile who then created one of the most important real estate companies in Chile and Latin America: Pazcorp.  He also has over 50 years of experience in financial investments.

As Movant has the largest financial interest and has made a *prima facie* demonstration of typicality and adequacy, and no movant has rebutted the presumption with proof, Movant must be appointed Lead Plaintiff.

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. §

78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Paz Tchimino and Inveriones have selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. The Firm has the resources and expertise to litigate this action efficiently and aggressively. As the Firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors (Dkt. No. 11-4).  Indeed, Rosen Law is the most experienced firm in the Plaintiffs' bar litigating against Chinese-based issuers like Baidu. Rosen Law is at the forefront of litigating against Chinese companies with Chinese speaking and trained lawyers on staff and litigating novel issues in federal court.[2]  Rosen Law achieved the largest ever settlement involving a Chinese company -- $250 million in the Alibaba securities litigation.  *See Khunt v. Alibaba Group Holding Limited, et al.*, Case No. 1:15CV00759 (S.D.N.Y.).  As Judge McMahon correctly observed, Rosen Law "has extensive experience navigating the particular complexities of litigation with Chinese companies" and "employs fluent Chinese speakers." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 540 (S.D.N.Y.

---

[2] *E.g., Munoz v. China Expert Technology, Inc.*, 2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) (issues concerning Chinese State Secrecy laws and discovery in China); *Rose v. Deer Consumer Products, Inc.*, 2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) (service of process issues relating to PRC defendants).  Reported cases include: *Ho v. Duoyuan Global Water, Inc.*, 887 F. Supp. 2d 547 (S.D.N.Y. 2012); *In re Fuwei Films Sec. Litig.*, 634 F.Supp.2d 419 (S.D.N.Y. 2009); *Lewy v. SkyPeople Fruit Juice, Inc.*, 2012 WL 3957916 (S.D.N.Y. Sept. 10, 2012); *Perry v. Duoyuan Printing, Inc.*, 2013 WL 4505199 (S.D.N.Y. Aug. 22, 2013); *Yang v. Tibet Pharms.*, 2015 WL 730036 (D.N.J. Feb. 20, 2015); *Omanoff v. Patrizio & Zhao LLC*, 2015 WL 1472566 (D.N.J. Mar. 31, 2015); *Hufnagle v. RINO International Corp.*, 2013 WL 3976833 (C.D. Cal. Aug. 1, 2013); *In re Montage Tech. Group Limited Sec. Litig.*, 78 F.Supp.3d 125 (N.D. Cal. 2015); *In re Montage Tech. Group Limited Sec. Litig.*, 2016 WL 1598666 (N.D. Cal. April 21, 2016); *Desta v. WINS Finance Holdings, Inc.*, 2018 WL 7458639 (C.D. Cal. November 9, 2018); *In re China Educ. Alliance, Inc. Sec. Litig.* 2011 WL 4978483 (C.D. Cal. Oct. 11, 2011); *Henning v. Orient Paper, Inc.*, 2011 WL 2909322 (C.D. Cal. July 20, 2011); *Snellink v. Gulf Resources, Inc.*, 870 F.Supp.2d 930 (C.D. Cal. 2012); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2013 WL 2247394 (C.D. Cal May 9, 2013); *Dean v. China Agritech, Inc.*, 2011 WL 5148598 (C.D. Cal. Oct. 27, 2011); *Miller Investment Trust v. Morgan Stanley & Co.*, Inc., 879 F.Supp.2d 158 (D. Mass. 2012).

2015).   Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## IV.   COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Movant has the greatest financial interest in the litigation and should therefore be appointed lead plaintiff without further analyses.   In no way is Movant conceding or acknowledging that the competing movants are adequate or that their claims are typical.   Movant reserves the right to address the competing movants' adequacy or typicality, should the Court reach those motions.

## <u>CONCLUSION</u>

For the foregoing reasons, Paz Tchimino and Inveriones respectfully request the Court issue an Order: (1) consolidating the related actions; (2) appointing them as Lead Plaintiff of the Class; (3) approving their selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: November 2, 2020                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim