UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| GANESAN ALAGAPPAN, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-03794-RRM-RLM |
|  | : | |
|  | : | CLASS ACTION |
| Plaintiff, | : | |
|  | : | |
| vs. | : | |
|  | : | |
| BAIDU, INC., ROBIN YANHONG LI, HERMAN CHENG-CHUN YU and JENNIFER XINZHE LI, | : | |
|  | : | |
| Defendants. | : | |
| HARINATH NAMPALLY, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-04430-RPK-RLM |
|  | : | |
|  | : | CLASS ACTION |
| Plaintiff, | : | |
|  | : | |
| vs. | : | |
|  | : | |
| BAIDU, INC., ROBIN YANHONG LI, HERMAN CHENG-CHUN YU and JENNIFER XINZHE LI, | : | |
|  | : | |
| Defendants. | : | |

CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUNDS' REPLY IN FURTHER
SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

4840-3720-1361.v1

Of the two remaining movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), only Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 (collectively, the "Central Pennsylvania Teamsters Pension Funds") satisfy all of the requirements to be appointed as lead plaintiff.[1]  Central Pennsylvania Teamsters Pension Funds are qualified institutional investors that filed a timely motion, suffered substantial recoverable losses, are typical and adequate, selected qualified counsel, and are not subject to any unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B).  The only other remaining movant, Benjamin Paz Tchimino and Inveriones B Y J Limitada ("Inveriones"), failed to raise any issues regarding Central Pennsylvania Teamsters Pension Funds' ability to satisfy all of the PSLRA's requirements for appointment as lead plaintiff, confirming that Central Pennsylvania Teamsters Pension Funds is the "most adequate lead plaintiff" to lead this litigation.  *See* ECF No. 29 at 5.

Indeed, Inveriones makes "no argument against [Central Pennsylvania Teamsters Pension Funds] other than pointing out its relatively low[er] financial stake in the litigation."  *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing movant that lacked the largest claimed financial interest as lead plaintiff because it was the first movant "that satisfie[d] both prongs of Rule 23"); ECF No. 29 at 5 (failing to make any substantive argument against the Central Pennsylvania Teamsters Pension Funds' motion).  Inveriones' failure to substantively oppose the Central Pennsylvania Teamsters Pension Funds' motion effectively

---

[1]    On October 30, 2020, movant Mark Elstob filed his Notice of Non-Opposition to the competing motions.  *See* ECF No. 26.  On November 2, 2020, movants Nicholas Karant and Jason Maine filed similar Notices of Non-Opposition.  *See* ECF Nos. 27, 28.  Movant Houston Municipal Employees Pension System failed to file any response to the competing motions, thereby abandoning its motion.  *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) ("Two additional movants . . . did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn.").

4840-3720-1361.v1

concedes that Central Pennsylvania Teamsters Pension Funds is typical and adequate, and is not subject to any unique defenses. *See, e.g.*, *Altowaiti v. Cissna*, 2020 WL 2036703, at \*4 (S.D.N.Y. Apr. 28, 2020) ("Plaintiffs wholly fail to address any of these arguments in opposition and have therefore waived them.").

While there is no substantive argument against the Central Pennsylvania Teamsters Pension Funds' motion, on the final page of its brief, Inveriones declared – without citing any authority – that "[i]n no way is Movant conceding or acknowledging that the competing movants are adequate or that their claims are typical" and that it was "reserv[ing] its right to address [the Central Pennsylvania Teamsters Pension Funds'] adequacy or typicality, should the Court reach those motions." ECF No. 29 at 5. The undersigned counsel is unaware of any authority that permits a litigant to extra-judicially "reserve" the right to oppose a motion in the future, beyond the date set by the local rules. Indeed, the Court's Local Civil Rules specifically required Inveriones to file any opposition by November 2, 2020. *See* Local Civil Rule 6.1(b). *In re Zoom* is instructive. In that case, like here, Inveriones' same counsel made an identical "ill-advised attempt to reserve the right to address [another movant's] typicality and adequacy in their opposition" and were deemed to "have forfeited the opportunity to dispute his showing of typicality and adequacy." *In re Zoom Sec. Litig.*, 2020 U.S. Dist. LEXIS 207490, at \*8 (N.D. Cal. Nov. 4, 2020). Consequently, irrespective of its ipse dixit "reservation," Inveriones' failure to oppose the Central Pennsylvania Teamsters Pension Funds' motion waives any opposition. *Id.*; *see also Neurological Surgery, P.C. v. Travelers Co.*, 243 F. Supp. 3d 318, 329 (E.D.N.Y. 2017) (deeming an argument waived because it was not addressed in a party's opposition brief); *Petrisch v. HSBC Bank USA, Inc.*, 2013 WL 1316712, at

- 2 -

*17 (E.D.N.Y. Mar. 28, 2013) (collecting cases holding that where party fails to address arguments in opposition papers on summary judgment motion, the claim is deemed abandoned).[2]

Moreover, after two rounds of briefing, it is abundantly clear that Inveriones has failed to demonstrate that they have any recoverable loss whatsoever and are therefore ineligible for appointment as lead plaintiffs as they were "a complete 'in-and-out trader' – 'buying and selling into and out of securities at issue during the class period' – and sold all its share[s] before the [April 7, 2020] disclosure." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 617 (S.D.N.Y. 2015) (citation omitted); *see also* ECF No. 31 at 1-9.[3]  In its opposition – and consistent with the original complaint filed by Inveriones' counsel and its opening lead plaintiff motion – Inveriones did not allege any corrective disclosure before the April 7, 2020 disclosure of the Wolfpack Report, and any attempt to do so to salvage their lead plaintiff candidacy on reply is impermissible.  *See, e.g.*, *Mayer*, 2016 WL 347329, at *4 ("The law in this Circuit is clear that arguments raised for the first time in reply briefs need not be considered.").  Since Inveriones suffered no harm and has no recoverable losses from the disclosure of defendants' fraudulent conduct, Inveriones will be subject to unique loss causation defenses, thereby failing to satisfy Rule 23's requirements.  *See Bensley v. Falconstor Software, Inc.*, 277 F.R.D. 231, 241 (E.D.N.Y. 2011) ("[T]he Court finds that the Fund has failed to demonstrate that it will be an adequate lead plaintiff

---

[2]    Nor should Inveriones be permitted to oppose the Central Pennsylvania Teamsters Pension Funds' motion for the first time in its reply brief. *See Mayer v. Neurological Surgery, P.C.*, 2016 WL 347329, at *4 (E.D.N.Y. Jan. 27, 2016) ("The law in this Circuit is clear that arguments raised for the first time in reply briefs need not be considered.").

[3]    Inveriones highlights The Rosen Law Firm, P.A.'s settlement in the *Alibaba* securities litigation. *See* ECF No. 29 at 4. Notably, at the lead plaintiff stage in *Alibaba*, Judge McMahon declined to include any alleged losses due to sales that were made by a movant before the first corrective disclosure in his loss analysis, determining that including such losses artificially inflated the movant's alleged losses. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 531 (S.D.N.Y. 2015).

4840-3720-1361.v1

because it was a total in-and-out trader and may be unable to demonstrate loss causation."). Central Pennsylvania Teamsters Pension Funds, on the other hand, suffered approximately $1.4 million in *recoverable* losses and is not subject to any unique defenses.

Central Pennsylvania Teamsters Pension Funds is entitled to presumptive lead plaintiff status because it is the only movant that satisfies both the financial interest and Rule 23 prongs of the PSLRA. Inveriones has not rebutted the presumption in Central Pennsylvania Teamsters Pension Funds' favor, and accordingly, Inveriones' competing motion should be denied.

DATED: November 9, 2020                    Respectfully submitted,

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           ROBERT M. ROTHMAN
                                           DAVID A. ROSENFELD


                                                  *s/ David A. Rosenfeld*
                                           DAVID A. ROSENFELD

                                           58 South Service Road, Suite 200
                                           Melville, NY  11747
                                           Telephone:  631/367-7100
                                           631/367-1173 (fax)
                                           rrothman@rgrdlaw.com
                                           drosenfeld@rgrdlaw.com

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           CHAD JOHNSON
                                           NOAM MANDEL
                                           420 Lexington Avenue
                                           New York, NY  10170
                                           Telephone:  212/693-1058
                                           chadj@rgrdlaw.com
                                           noam@rgrdlaw.com

- 4 -

ROBBINS GELLER RUDMAN
   & DOWD LLP
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 5 -

4840-3720-1361.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 9, 2020, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List,

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
&  DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4840-3720-1361.v1

Case 1:20-cv-03794-DG-TAM   Document 32   Filed 11/09/20   Page 8 of 8 PageID #: 513

# Mailing Information for a Case 1:20-cv-03794-RRM-RLM Alagappan v. Baidu, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert Alexander Fumerton**
  robert.fumerton@skadden.com

- **Michael Charles Griffin**
  michael.griffin@skadden.com

- **Laurence Jesse Hasson**
  lhasson@bernlieb.com,birkeland@bernlieb.com,ecf@bernlieb.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Gregory B. Linkh**
  glinkh@glancylaw.com,greglinkh@gmail.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)