UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GANESAN ALAGAPPAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAIDU, INC., ROBIN YANHONG LI, HERMAN CHENG-CHUN YU and JENNIFER XINZHE LI,<br><br>Defendants. | Civil Action No. 1:20-cv-03794-RRM-RLM<br><br><u>CLASS ACTION</u> |
| HARINATH NAMPALLY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAIDU, INC., ROBIN YANHONG LI, HERMAN CHENG-CHUN YU and JENNIFER XINZHE LI,<br><br>Defendants. | Civil Action No. 1:20-cv-04430-RPK-RLM<br><br><u>CLASS ACTION</u> |

NOTICE OF RECENT DEVELOPMENT PERTAINING
TO PENDING LEAD PLAINTIFF MOTIONS

4823-7763-5026.v1

Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 (collectively, the "Central Pennsylvania Teamsters Pension Funds") respectfully submit this notice of recent development to address a new argument raised for the first time on reply by Benjamin Paz Tchimino and Inveriones B Y J Limitada ("Inveriones"). Recognizing that its lead plaintiff candidacy suffers from fatal defects because they suffered no harm from the disclosure of defendants' allegedly fraudulent conduct, Inveriones unjustifiably contends that an earlier partial disclosure before the release of the April 7, 2020 report by Wolfpack Research should be considered – an argument that its own counsel explicitly ***rejected this week*** in the related action *Lee v. iQIYI, Inc.*, No. 1:20-cv-01830 (E.D.N.Y.) *See* Ex. A (attached hereto).

On reply, Inveriones does not dispute that in the original complaint filed by its counsel, The Rosen Law Firm, P.A. ("Rosen"), and through two rounds of lead plaintiff briefing, Inveriones and Rosen consistently alleged only two corrective disclosures: April 7, 2020 and August 13, 2020. Nonetheless, Inveriones now contends they are not complete "in and out traders" because they sold their shares following a newfound May 16, 2019 partial disclosure. *See* ECF No. 33 at 2-5. Even if it were proper for the Court to permit Inveriones to retroactively amend the facts to better suit its trading defects (and it is not), this contention is undermined by its own counsel's recent argument in *Lee*.

In Ronald L. Hershberger and Robert J. Gereige, MD's Memorandum of Law in Opposition to Le Rivage LLC's Objections to Fed. R. Civ. P. 72(a) to Magistrate Judge Orenstein's Order Dated October 20, 2020 Appointing Lead Plaintiff and Approving Lead Counsel in *Lee*, Rosen (and its co-counsel) argued in part that Magistrate Judge Orenstein did not commit clear error in finding the movant with the largest claimed financial interest, Le Rivage, LLC, was atypical and inadequate

because "if Defendants were successful in proving the *Rivage* Action has failed to allege an actual partial disclosure, Rivage would lack cognizable damages under the Exchange Act, thus warranting the appointment of a new Lead Plaintiff." Ex. A at 12. Rosen correctly noted – as the Central Pennsylvania Teamsters Pension Funds did in their opposition (*see* ECF No. 31 at 3, 8) – that "numerous courts have declined to appoint lead plaintiff movants where its losses were tethered solely to a 'partial disclosure' of limited significance or merit." Ex. A at 13 (citing *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 240 (E.D.N.Y. 2011)). Moreover, Rosen "strongly contest[s] the validity of this [earlier] disclosure as pled – simply attaching a skeletal justification to any price decline does not allow a non-party movant to control the contours of the litigation." Ex. A at 6.

Applying Inveriones' own counsel's argument from the related *Lee* action here, the Court should reject Inveriones' bald attempt to retroactively expand the contours of the allegations to remedy a readily apparent trading defect by citing to an unrelated May 16, 2019 stock decline – a decline that Inveriones' own counsel agrees in *Lee* did not reveal any details of defendants' allegedly fraudulent conduct. *See* ECF No. 31 at 5-7.

Inveriones' motion should be denied.

DATED: November 20, 2020　　　　　　　Respectfully Submitted,

                ROBBINS GELLER RUDMAN
                  & DOWD LLP
                ROBERT M. ROTHMAN
                DAVID A. ROSENFELD

                  *s/ David A. Rosenfeld*
                DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
NOAM MANDEL
420 Lexington Avenue
New York, NY 10170
Telephone: 212/693-1058
chadj@rgrdlaw.com
noam@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 20, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ David A. Rosenfeld
    DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
 & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@rgrdlaw.com

4823-7763-5026.v1

# Mailing Information for a Case 1:20-cv-03794-RRM-RLM Alagappan v. Baidu, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert Alexander Fumerton**
  robert.fumerton@skadden.com

- **Michael Charles Griffin**
  michael.griffin@skadden.com

- **Laurence Jesse Hasson**
  lhasson@bernlieb.com,birkeland@bernlieb.com,ecf@bernlieb.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Gregory B. Linkh**
  glinkh@glancylaw.com,greglinkh@gmail.com

- **Scott D. Musoff**
  smusoff@skadden.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Robert M. Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`