UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GANESAN ALAGAPPAN, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

    vs.

BAIDU, INC., ROBIN YANHONG LI, HERMAN CHENG-CHUN YU, and JENNIFER XINZHE LI,

                Defendants.

Civil Action No. 1:20-cv-03794-RRM-RLM

CLASS ACTION

---

HARINATH NAMPALLY, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

    vs.

BAIDU, INC., ROBIN YANHONG LI, HERMAN CHENG-CHUN YU, and JENNIFER XINZHE LI,

                Defendants.

Civil Action No. 1:20-cv-04430-RPK-RLM

CLASS ACTION

---

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION
OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4830-4357-3454.v1

## I.    INTRODUCTION

Presently pending in this District are two related securities class action lawsuits (the "Related Actions") on behalf of purchasers of Baidu, Inc. ("Baidu" or the "Company") securities between April 8, 2016 and August 13, 2020 (the "Class Period"), against Baidu and three of its executives, alleging violations of the Securities Exchange Act of 1934 ("1934 Act").[1]  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan and Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 (collectively, the "Central Pennsylvania Teamsters Pension Funds") should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Court should approve Central Pennsylvania Teamsters

---

[1]     The Related Actions are *Alagappan v. Baidu, Inc.*, No. 1:20-cv-03794-RRM-RLM (E.D.N.Y.), filed on August 19, 2020 and *Nampally v. Baidu, Inc.*, No. 1:20-cv-04430-RPK-RLM (E.D.N.Y.), filed on September 21, 2020.  All emphasis is added and all citations are omitted herein unless otherwise noted.

- 1 -

Pension Funds' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Headquartered in China, Baidu provides Internet search services in China and internationally. In November 2012, Baidu obtained a controlling interest in what was then known as Qiyi.com, Inc. which is now known as iQIYI, Inc. iQIYI provides online entertainment services, including original and licensed content, membership service, and online advertising services.

The Related Actions allege that during the Class Period, defendants made materially false and misleading statements and/or failed to disclose: (i) the true financial and business condition of iQIYI; (ii) that iQIYI had inadequate controls; and (iii) as a result, defendants' public statements were materially false and misleading at all relevant times.

On April 7, 2020, Wolfpack Research released a report ("Wolfpack Report") detailing how iQIYI had misled investors and failed to disclose pertinent information, including that: (i) iQIYI overstated its user numbers; (ii) iQIYI inflated its revenues; (iii) iQIYI inflated expenses and prices of assets to conceal its revenue inflation; and (iv) iQIYI's misleading financial reporting created the appearance of a cash generative company. As a result of this news, the price of Baidu's American Depository Shares ("ADSs") fell $4.46 per ADS, or 4%, on the next full trading day to close at $97.33 per ADS on April 8, 2020, damaging investors.

Then, on August 13, 2020, after the market closed, iQIYI issued a press release announcing its second quarter 2020 financial results and disclosed a United States Securities and Exchange Commission investigation into iQIYI. iQIYI revealed that the SEC's Division of Enforcement was seeking: (i) certain financial and operating records dating from January 1, 2018; and (ii) documents related to certain acquisitions and investments that were identified in the Wolfpack Report. iQIYI

- 2 -

4830-4357-3454.v1

also disclosed that after the release of the Wolfpack Report, professional advisers were engaged to conduct an internal review to evaluate the allegations contained in the Wolfpack Report. As a result of this news, the price of Baidu's ADSs fell $7.83 per ADS, or 6%, to close at $116.74 per ADS on April 14, 2020, damaging investors.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of Baidu's securities, Central Pennsylvania Teamsters Pension Funds and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "Absent prejudice to the defendants, '[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports,'" and "'the actions need not be identical to allow for consolidation.'" *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019). "In fact, '[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.'" *Id.*

Here, the Related Actions present nearly identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants. Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from consolidation. Accordingly, the Related Actions should be consolidated.

4830-4357-3454.v1

**B.     Central Pennsylvania Teamsters Pension Funds Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Central Pennsylvania Teamsters Pension Funds meet each of these requirements and should therefore be appointed Lead Plaintiff.

**1.     Central Pennsylvania Teamsters Pension Funds' Motion Is Timely**

On August 19, 2020, the statutory notice for the first-filed *Alagappan* action was published on *Business Wire*, which advised class members of the pendency of the action, the alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, which is October 18, 2020. *See* Declaration of Robert M. Rothman in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rothman Decl."), Ex. A. October 18, 2020 is a Sunday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is October

- 4 -

19, 2020.  Because Central Pennsylvania Teamsters Pension Funds' motion was timely filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

### 2.  Central Pennsylvania Teamsters Pension Funds Possess a Large Financial Interest

As indicated in their Certification and loss chart, Central Pennsylvania Teamsters Pension Funds purchased 53,642 Baidu ADSs during the Class Period and suffered approximately $1.4 million in losses as a result of defendants' alleged wrongdoing.  *See* Rothman Decl., Exs. B, C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.  Central Pennsylvania Teamsters Pension Funds Otherwise Satisfy Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two of Rule 23's requirements – typicality and adequacy –are satisfied."  *Rauch*, 378 F. Supp. 3d at 209.  "'Typicality is satisfied where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'"  *Id.* at 210.  "In analyzing the adequacy requirement in the context of appointing lead plaintiff, courts consider:  '(1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'"  *Id*.

Here, as Central Pennsylvania Teamsters Pension Funds' Certification and loss chart evidence, Central Pennsylvania Teamsters Pension Funds purchased Baidu ADSs during the Class Period and suffered harm when defendants' alleged misconduct was revealed.  *See* Rothman Decl.,

- 5 -

4830-4357-3454.v1

Exs. B, C. Central Pennsylvania Teamsters Pension Funds' substantial stake in the outcome of the case indicates that they have the requisite incentive to vigorously represent the class's claims. Central Pennsylvania Teamsters Pension Funds are not aware of any conflicts between their claims and those asserted on behalf of the putative class and are not subject to any unique defenses.

Central Pennsylvania Teamsters Pension Funds are comprised of a multiemployer defined benefit plan and a defined contribution plan with over $2 billion in assets that provide benefits to Teamsters members throughout Pennsylvania. As sophisticated institutional investors, Central Pennsylvania Teamsters Pension Funds are familiar with the requirements and responsibilities of being a lead plaintiff in a securities class action and are willing to undertake those responsibilities on behalf of the putative class in this case. *See* Rothman Decl., Ex. B. Accordingly, Central Pennsylvania Teamsters Pension Funds are precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc*., 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").

Central Pennsylvania Teamsters Pension Funds' common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel (discussed below) confirm their satisfaction of the Rule 23 requirements.

- 6 -

## C. Central Pennsylvania Teamsters Pension Funds' Selection of Counsel Should Be Approved

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Central Pennsylvania Teamsters Pension Funds have selected Robbins Geller to serve as lead counsel for the proposed class.[2]

Robbins Geller, a 200-attorney nationwide law firm with multiple offices in New York including in this District, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Batwara v. Infosys Ltd.*, No. 1:19-cv-05959, ECF No. 20 (E.D.N.Y. Jan. 13, 2020) (appointing Robbins Geller as lead counsel in securities case); *see also In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead counsel in

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Notably, in 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]      *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4830-4357-3454.v1

Central Pennsylvania Teamsters Pension Funds' selection of Robbins Geller as proposed lead counsel is reasonable and should be approved.

## IV. CONCLUSION

The Related Actions share common legal and factual questions and should be consolidated. In addition, Central Pennsylvania Teamsters Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Central Pennsylvania Teamsters Pension Funds respectfully request that the Court grant their motion.

DATED: October 19, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT M. ROTHMAN

s/ Robert M. Rothman
ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (Fax)
rrothman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
NOAM MANDEL
420 Lexington Avenue
New York, NY 10170
Telephone: 212/693-1058
chadj@rgrdlaw.com
noam@rgrdlaw.com

- 9 -

4830-4357-3454.v1

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
DARREN J. ROBBINS
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 10 -

4830-4357-3454.v1

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify under penalty of perjury that on October 19, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        s/ Robert M. Rothman
        ROBERT M. ROTHMAN

        ROBBINS GELLER RUDMAN
         & DOWD LLP
        58 South Service Road, Suite 200
        Melville, NY 11747
        Telephone: 631/367-7100
        631/367-1173 (fax)

        E-mail: rrothman@rgrdlaw.com

4830-4357-3454.v1

# Mailing Information for a Case 1:20-cv-03794-RRM-RLM Alagappan v. Baidu, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Robert Alexander Fumerton**
  robert.fumerton@skadden.com

- **Michael Charles Griffin**
  michael.griffin@skadden.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Scott D. Musoff**
  smusoff@skadden.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)