UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

IN RE BAIDU, INC. SECURITIES LITIGATION :   20-cv-3794 (DG) (TAM)
                                   :

                                   :   **ECF CASE**

                                   :   **Oral Argument Requested**

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE *BAIDU* ACTION FOR FAILURE TO PLEAD SCIENTER AND LOSS CAUSATION

SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Defendants*
*Baidu, Inc., iQIYI, Inc., Robin*
*Yanhong Li, Herman Yu, Yu*
*Gong, and Xiaodong Wang*

Served: March 3, 2023

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ..................................................................................................................................2

I.   PLAINTIFFS FAIL TO ALLEGE A STRONG INFERENCE OF SCIENTER ...............2

    A.   Plaintiffs' Impermissible Group Pleading Warrants Dismissal ..............................2

    B.   Plaintiffs Abandon Their Motive Allegations.........................................................3

    C.   Plaintiffs Fail To Plead Conscious Misbehavior or Recklessness ..........................3

II.  PLAINTIFFS FAIL TO ALLEGE LOSS CAUSATION....................................................4

    A.   The Wolfpack Report Was Not a Corrective Disclosure.........................................4

    B.   The Investigations Announcement Was Not a Corrective Disclosure....................5

    C.   The Inveriones Plaintiffs Suffered No Losses and Lack Standing ..........................6

III. PLAINTIFFS' REQUEST TO AMEND THE COMPLAINT IS
    PROCEDURALLY IMPROPER, FUTILE, AND SHOULD BE DENIED ......................7

CONCLUSION...............................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amorosa v. AOL Time Warner Inc.*,
409 F. App'x 412 (2d Cir. 2011) ........................................................................7

*Central States, Southeast & Southwest Areas Pension Fund v. Federal Home Loan Mortgage Corp.*,
543 F. App'x 72 (2d Cir. 2013) ........................................................................4, 5

*Chapman v. Mueller Water Products, Inc.*,
466 F. Supp. 3d 382 (S.D.N.Y. 2020)...................................................................3

*Chill v. General Electric Co.*,
101 F.3d 263 (2d Cir. 1996).................................................................................4

*City of Westland Police & Fire Retirement System v. MetLife, Inc.*,
129 F. Supp. 3d 48 (S.D.N.Y. 2015).....................................................................6

*In re Flag Telecom Holdings, Ltd. Securities Litigation*,
574 F.3d 29 (2d Cir. 2009)....................................................................................7

*Gordon v. Sonar Capital Management LLC*,
No. 11-cv-9665 (JSR), 2014 WL 3900560 (S.D.N.Y. Aug. 1, 2014) ..................6

*Greco v. Qudian Inc.*,
No. 1:20-cv-577(GHW), 2022 WL 4226022 (S.D.N.Y. Sept. 13, 2022) ............2

*Gregory v. ProNAi Therapeutics Inc.*,
757 F. App'x 35 (2d Cir. 2018) ...........................................................................7

*Hevesi v. Citigroup Inc.*,
366 F.3d 70 (2d Cir. 2004).....................................................................................6

*Hulse v. Holder*,
480 F. App'x 23 (2d Cir. 2012) ...........................................................................8

*Janbay v. Canadian Solar, Inc.*,
No. 10-cv-4430 (RWS), 2012 WL 1080306 (S.D.N.Y. Mar. 30, 2012) ..............5

*Landmark Ventures, Inc. v. Wave Systems Corp.*,
513 F. App'x 109 (2d Cir. 2013) ..........................................................................7

*Lea v. TAL Education Group*,
837 F. App'x 20 (2d Cir. 2020) ............................................................................5

ii

*Lee v. iQIYI, Inc.*,
   No. 20-cv-1830 (LDH) (JO), 2020 WL 6146862 (E.D.N.Y. Oct. 20, 2020) ......................8

*Lipow v. Net1 UEPS Technologies, Inc.*,
   131 F. Supp. 3d 144 (S.D.N.Y. 2015)..................................................................................5

*Noto v. 22nd Century Group, Inc.*,
   No. 19-cv-1285 (JLS), 2023 WL 122305 (W.D.N.Y. Jan. 6, 2023)....................................5

*Plumbers & Pipefitters National Pension Fund v. Orthofix International N.V.*,
   89 F. Supp. 3d 602 (S.D.N.Y. 2015).....................................................................................5

*Public Employees' Retirement System of Mississippi v. Goldman Sachs Group, Inc.*,
   No. 09-cv-1110 (HB), 2011 WL 135821 (S.D.N.Y. Jan. 12, 2011)................................6, 7

*Purgess v. Sharrock*,
   33 F.3d 134 (2d Cir. 1994)....................................................................................................8

*In re Renewable Energy Group Securities Litigation*,
   No. 22-cv-335, 2022 WL 14206678 (2d Cir. Oct. 25, 2022) ...............................................7

*Salveson v. JP Morgan Chase & Co.*,
   663 F. App'x 71 (2d Cir. 2016) ...........................................................................................7

*Stratte-McClure v. Morgan Stanley*,
   598 F. App'x 25 (2d Cir. 2015) ...........................................................................................6

*Wochos v. Tesla, Inc.*,
   985 F.3d 1180 (9th Cir. 2021) ..............................................................................................4

*Zhong Zheng v. Pingtan Marine Enterprise Ltd.*,
   379 F. Supp. 3d 164 (E.D.N.Y. 2019) ..................................................................................4

The Baidu Defendants[1] respectfully submit this reply memorandum of law in further support of their additional motion to dismiss the *Baidu* Complaint for failure to plead scienter and loss causation.

## PRELIMINARY STATEMENT

The *Baidu* Complaint should be dismissed in its entirety, with prejudice, because Plaintiffs have failed to allege scienter or loss causation—in addition to their failure to allege a material misstatement or omission (as demonstrated in the Common Motion to Dismiss and Common Reply).

First, the Opposition confirms the absence of any facts supporting the requisite strong inference of scienter. Plaintiffs have abandoned their attempt to plead motive. Their attempt to establish conscious misbehavior or recklessness by relying on the core operations theory and SOX certifications fails because Plaintiffs have not identified any specific contrary information of which Defendants were aware. Plaintiffs also continue to rely on impermissible group pleading in violation of Rule 9(b) and the PSLRA, conflating executives from two different companies.

Second, the Opposition confirms that Plaintiffs' alleged losses were not caused by any of the alleged corrective disclosures. Unable to dispute that there was virtually no change in Baidu's ADS price on the day the Wolfpack Report was published, Plaintiffs arbitrarily claim that ***the next day's*** 4% decline was due to the report. This argument is contrary to the law and to Plaintiffs' own allegations that Baidu's ADS trade in an efficient market and promptly incorporate all

---

[1]  Capitalized terms not defined herein have the meanings ascribed to them in the Memorandum of Law in Support of Defendants' Motion to Dismiss the *Baidu* Action for Failure to Plead Scienter and Loss Causation. Defendants hereby incorporate by reference Defendants' Joint Reply Memorandum of Law in Further Support of the Defendants' Motions to Dismiss for Failure to Allege Any Material Misstatement or Omission ("Common Reply"). "Opposition" refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the *Baidu* Action. All citations and internal quotation marks are omitted, and all emphases in quotations are added, unless otherwise indicated.

material public information. Moreover, the quick and sustained price recovery refutes any inference that the alleged corrective disclosure caused any material drop in stock price. In any event, the Wolfpack Report was expressly based only on publicly available information, which cannot constitute a corrective disclosure. Plaintiffs' other purported corrective disclosure— iQIYI's disclosure of the SEC and NASDAQ investigations—likewise did not reveal any new information about the alleged misstatements. Separately, the Inveriones Plaintiffs must be dismissed for lack of standing, as they sold all their Baidu shares before either of the alleged corrective disclosures and thus suffered no damages.

Finally, Plaintiffs' request to amend the complaint should be denied because Plaintiffs have already conceded the futility of adding a May 16, 2019 partial disclosure, and Plaintiffs' request is procedurally improper.

## **ARGUMENT**

### I.    **PLAINTIFFS FAIL TO ALLEGE A STRONG INFERENCE OF SCIENTER**

#### A.    **Plaintiffs' Impermissible Group Pleading Warrants Dismissal**

The Opposition confirms that Plaintiffs failed to allege scienter with particularity. (Opp. at 4-14.) As a threshold matter, Plaintiffs continue to conflate iQIYI, Baidu, and their respective executives. Throughout the Opposition, Plaintiffs vaguely refer to "Defendants" as a group and identify no allegations about any particular Defendant's state of mind. This alone warrants dismissal. *Greco v. Qudian Inc.*, No. 1:20-cv-577 (GHW), 2022 WL 4226022, at *25 (S.D.N.Y. Sept. 13, 2022) ("Rule 9(b) requires that [i]n a case involving multiple defendants, plaintiffs must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible. . . . [G]roup pleading of scienter . . . runs afoul of the PSLRA[.]'").

2

### B.        Plaintiffs Abandon Their Motive Allegations

The Opposition does not dispute that Plaintiffs failed to allege motive.  Instead, Plaintiffs merely note that "the absence of a motive allegation is not fatal." (Opp. at 4 n.2.)  Plaintiffs have thus waived any argument for scienter based on a motive to defraud.  *See Chapman v. Mueller Water Prods., Inc.*, 466 F. Supp. 3d 382, 406 n.7 (S.D.N.Y. 2020) (dismissing claims as abandoned where the opposition did not advance arguments in support of those claims).

### C.        Plaintiffs Fail To Plead Conscious Misbehavior or Recklessness

In support of recklessness, Plaintiffs offer the same arguments as the *iQIYI* Plaintiffs regarding the core operations doctrine (Opp. at 5-9), SOX certifications (*id.* at 9-11), iQIYI's denial of the Wolfpack Report (*id.* at 12-13), iQIYI's disclosure of the SEC's and NASDAQ's subsequent investigations into the Wolfpack Report's allegations (*id.* at 13-14), and iQIYI's accounting for Xin'ai (*id.* at 14-15).  These allegations, individually and collectively, fail here for the same reasons they fail in the *iQIYI* Action, as demonstrated in the *iQIYI* Reply Brief, which Defendants incorporate by reference here.  (*See iQIYI* Reply at 3-4 (core operations); *id.* at 4-5 (SOX certifications); *id.* at 5-6 (disclosure of investigations), *id.* at 6 (denial of the Wolfpack Report).)

Moreover, many of these arguments are even weaker—or do not apply at all—with respect to Baidu and its executives.  For example, it would be even more unreasonable to presume, under the core operations doctrine, that **Baidu's** executives knew of any alleged fraud occurring at **iQIYI** simply because iQIYI is a large investment for Baidu.  Plaintiffs do not allege that Baidu's executives had any involvement with iQIYI's accounting.  Nor do they allege that Baidu's executives had anything to do with iQIYI's denial of the Wolfpack Report or disclosure of the SEC and NASDAQ investigations. "Ultimately, whether [the subsidiary] defrauded plaintiffs and

3

whether its parent [] defrauded plaintiffs are different questions." *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 268 (2d Cir. 1996).

## II.    PLAINTIFFS FAIL TO ALLEGE LOSS CAUSATION

### A.    The Wolfpack Report Was Not a Corrective Disclosure

The Opposition also confirms that all of Plaintiffs' claims independently fail for lack of loss causation.  Unable to point to a material drop in Baidu's ADS stock price when the Wolfpack Report was issued, Plaintiffs argue that the 4% decline *the next day* was caused by the report. (Opp. at 16-17.)  But Plaintiffs' assertion that the market needed time to "digest" the Wolfpack Report (Opp. at 16) contradicts their allegation that the market for Baidu's ADS is "highly efficient" and "*promptly digested* current information regarding Baidu."  (*Baidu* Compl. ¶¶ 256-57.)  Moreover, Baidu's ADS stock price *increased* in the days following the announcement, closing at $105.00 by the end of the following week, even higher than before the Wolfpack Report came out.  (Ex. Q at 24.)  *See Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1198 (9th Cir. 2021) ("The quick and sustained price recovery [over the next week] after the modest October 9 drop refutes the inference that the alleged concealment of this particular fact caused any material drop in the stock price.").  Plaintiffs' cases do not support a multi-day window for loss causation here, as they all involved an *immediate* decline that *continued* over the course of several days.

In any event, short-seller reports such as the Wolfpack Report are not corrective disclosures where, as here, they are based solely on publicly available information.  *See Cent. States, Se. & Sw. Areas Pension Fund v. Fed. Home Loan Mortg. Corp.*, 543 F. App'x 72, 75 (2d Cir. 2013). Plaintiffs claim that the Wolfpack Report contained nonpublic information because it included information from Chinese sources.  (Opp. at 17.)  However, disclosures that simply repackage already-public information are not "corrective" even when they rely on "foreign sources" such as the foreign news articles Plaintiffs rely on here.  *See Zhong Zheng v. Pingtan Marine Enter. Ltd.*,

4

379 F. Supp. 3d 164, 178 (E.D.N.Y. 2019) (rejecting plaintiff's argument that Chinese and Indonesian articles were "'obscure' foreign sources, and therefore, not publicly available information"); *see also id.* ("Plaintiff [] ignores the realities of the accessibility of the internet."). As in *Zhong Zheng*, the Wolfpack Report relied exclusively on publicly available media and industry reports. (*See* Ex. H at 36 (Wolfpack Report explicitly stating that "*all Information . . . has been obtained from public sources*").) This alone warrants dismissal.[2]

### B.     The Investigations Announcement Was Not a Corrective Disclosure

Plaintiffs' claim that Defendants' announcement of the SEC and NASDAQ inquiries supports loss causation also must fail. (Opp. at 18-19.) Contrary to Plaintiffs' contention, "[t]he announcement of an SEC subpoena or an internal investigation is itself insufficient to plead loss causation." *Janbay v. Canadian Solar, Inc.*, No. 10-cv-4430 (RWS), 2012 WL 1080306, at *15 (S.D.N.Y. Mar. 30, 2012); *see also Lipow v. Net1 UEPS Technologies, Inc.*,131 F. Supp. 3d 144, 167 (S.D.N.Y. 2015) ("[G]overnment investigations are just that, investigations.").[3]   The announcement did not reveal any new information about the alleged misrepresentations. *See Cent. States*, 543 F. App'x at 75 (no loss causation where plaintiff did "not identify how the alleged corrective disclosures even purported to reveal some then-undisclosed *fact* with regard to the specific misrepresentations alleged in the complaint" (emphasis in original)). Moreover, Plaintiffs

---

[2]   In contrast, the short-seller report in *Lea v. TAL Education Group*, 837 F. App'x 20 (2d Cir. 2020) (cited in Opp. at 17) contained information from nonpublic sources, including "interviews of former employees." *Id.* at 28.

[3]   Plaintiffs' cases are distinguishable. *See Noto v. 22nd Century Grp., Inc.*, No. 19-cv-1285 (JLS), 2023 WL 122305, at *12 (W.D.N.Y. Jan. 6, 2023) (defendants previously falsely denied any knowledge of an SEC investigation they were actually aware of); *Plumbers & Pipefitters Nat'l Pension Fund v. Orthofix Int'l N.V.*, 89 F. Supp. 3d 602, 608, 613 (S.D.N.Y. 2015) (announcement of internal investigation requiring "assistance of **outside** professionals" contradicted "defendants' [prior] representation that [the company] had effective **internal** controls over financial reporting").

5

expressly acknowledge that Baidu's ADS stock price was negatively affected by the simultaneous announcement of "softer-than-expected 3QFY20 revenue growth guidance (i.e. -6% to 2% [year-over-year])." (*Baidu* Compl. ¶ 122.)  But "to establish loss causation, a plaintiff must allege . . . that the subject of the fraudulent statement or omission was the ***cause*** of the actual loss suffered." *Stratte-McClure v. Morgan Stanley*, 598 F. App'x 25, 29 (2d Cir. 2015); *accord City of Westland Police & Fire Retirement System v. MetLife, Inc.*,129 F. Supp. 3d 48, 85 (S.D.N.Y. 2015) (loss causation not pled where plaintiff failed to "disaggregate[] those losses caused by the [downgrade in U.S. credit rating] from disclosures of the truth behind the alleged misstatements").  Plaintiffs' failure to adequately plead loss causation is fatal to their claim.[4]

## C.      The Inveriones Plaintiffs Suffered No Losses and Lack Standing

Additionally, and at a minimum, the Inveriones Plaintiffs must be dismissed because they sold ***all*** their Baidu ADS ***before*** either of the alleged corrective disclosures and thus have no legally cognizable injury.  The Opposition effectively concedes the Inveriones Plaintiffs lack standing because of this. (*See* Opp. at 19.)  While the Opposition argues that "a lead plaintiff need not have 'standing to sue on ***every*** available cause of action,'" (Opp. at 19 (quoting *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004))), the Inveriones Plaintiffs lack standing to sue on ***any*** cause of action asserted here.  *See Pub. Emps.' Ret. Sys. of Mississippi v. Goldman Sachs Grp., Inc.*, No. 09-cv-1110 (HB), 2011 WL 135821, at *6-7 (S.D.N.Y. Jan. 12, 2011) (dismissing subset of plaintiffs for lack of standing because those plaintiffs could not "show an injury connected to the offerings [they] challenge[d]").[5]  Plaintiffs' suggestion that the Court ignore this dispositive failing

---

[4]   Plaintiffs do not attempt to plead any misrepresentations or omissions in connection with this revenue guidance.

[5]   In Plaintiffs' cases, the lead plaintiff lacked standing only for some, not all, claims.  *See Hevesi*, 366 F.3d at 74; *Gordon v. Sonar Cap. Mgmt. LLC*, No. 11-cv-9665 (JSR), 2014 WL 3900560, at *3 (S.D.N.Y. Aug. 1, 2014).  In *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, the court

6

until the class certification stage is unavailing.  (Opp. at 20.)  *See Amorosa v. AOL Time Warner Inc.*, 409 F. App'x 412, 417 (2d Cir. 2011) ("The absence of loss causation is . . . a proper basis on which to dismiss the claim."); *Pub. Emps.' Ret. Sys. of Mississippi*, 2011 WL 135821, at *6 ("In a putative class action setting, named plaintiffs . . . must allege and show that they personally have been injured. . . .  Plaintiff's argument that this should be held in abeyance until class certification has been accomplished is not persuasive.").  Thus, the Inveriones Plaintiffs must be dismissed for lack of standing.

**III.    PLAINTIFFS' REQUEST TO AMEND THE COMPLAINT IS PROCEDURALLY IMPROPER, FUTILE, AND SHOULD BE DENIED**

Plaintiffs conclude their Opposition with a two-sentence request for leave to amend "to add a May 16, 2019 partial corrective disclosure."  (Opp. at 21.)  As a threshold matter, Plaintiffs' request is procedurally improper, as it was not brought via notice of motion and does not provide a copy of the proposed amended complaint.  *See Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 76 (2d Cir. 2016); *see also Gregory v. ProNAi Therapeutics Inc.*, 757 F. App'x 35, 39 (2d Cir. 2018); *Landmark Ventures, Inc. v. Wave Sys. Corp.*, 513 F. App'x 109, 112 (2d Cir. 2013). Regardless, the proposed amendment would be futile.  *See In re Renewable Energy*, 2022 WL 14206678, at *5.  While the Opposition does not actually identify what May 16, 2019 disclosure Plaintiffs would add or how it supposedly relates to their claims, Plaintiffs presumably are referring to Baidu's first quarter 2019 earnings announcement that day.  Baidu's results were well below market expectations and the company reported its first net loss since being listed on the NASDAQ, after which Baidu's ADS price fell more than 30%.  The announcement said nothing about the issues raised in the Wolfpack Report or Plaintiffs' claims here.  As co-lead plaintiff Central

---

excluded plaintiffs from the certified class due to insufficient evidence of loss causation.  574 F.3d 29, 41 (2d Cir. 2009).

7

Pennsylvania Teamsters Pension Funds previously conceded, "the news released on May 16, 2019 was not a plausible partial disclosure of the alleged fraud." (ECF No. 31 at 5; *see also id.* at 6 ("Because the [] Complaint does not articulate how the May 16, 2019 partial disclosure revealed any details concerning defendants' allegedly fraudulent misconduct . . . there is no basis for this date to serve as a partial disclosure.").) Counsel for Inveriones also previously argued in the *iQIYI* Action that adding the May 16, 2019 "eleventh-hour, token partial disclosure is contradictory to the entire theory of the case and was added simply to manufacture a loss where there was none." (ECF No. 31.1 at 3.) *See also Lee v. iQIYI, Inc.*, No. 20-cv-1830 (LDH) (JO), 2020 WL 6146862, at *2 (E.D.N.Y. Oct. 20, 2020).[6] Accordingly, Plaintiffs' request to amend should be denied.

## CONCLUSION

For the foregoing reasons, and those demonstrated in the Common Reply, the *Baidu* Complaint should be dismissed in its entirety with prejudice.

---

[6] Plaintiffs are bound by these admissions. *See Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact."); *see also Hulse v. Holder*, 480 F. App'x 23, 26 (2d Cir. 2012) ("[A] distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission.").

8

Dated: New York, New York
       March 3, 2023

Respectfully submitted,


/s/ Robert A. Fumerton
Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

*Attorneys for Defendants Baidu, Inc.,
iQIYI, Inc., Robin Yanhong Li,
Herman Yu, Yu Gong, and Xiaodong
Wang*