SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
—
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(212) 735-3902
DIRECT FAX
(917) 777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

February 23, 2024

**BY ECF**
Honorable Diane Gujarati
United State District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:     *In re iQIYI, Inc. Sec. Litig.*, No. 20-cv-1830 (DG) (TAM);
        *In re Baidu, Inc. Sec. Litig.*, No. 20-cv-3794 (DG) (TAM)

Dear Judge Gujarati:

On behalf of Defendants in the above-captioned related actions, we respectfully write to submit the enclosed supplemental authority in advance of Monday's upcoming oral argument on Defendants' pending Motions to Dismiss. As demonstrated below, each decision dismisses or affirms the dismissal of securities claims premised on the allegations of short seller reports, like Plaintiffs' claims here. These decisions reaffirm two recurring themes: short seller reports are often unreliable to demonstrate falsity and rarely constitute corrective disclosures.

**Short Seller Reports Are Unreliable to Demonstrate Falsity**

Courts continue to reject securities claims based on short seller reports due to the inherent reliability concerns of such self-interested attacks:

- In *Hershewe v. Joyy, Inc.*, No. 22-55377, 2023 WL 3316328 (9th Cir. May 9, 2023) (enclosed as Ex. A), the Ninth Circuit affirmed the dismissal of claims alleging a Chinese video streaming platform failed to disclose a material portion of its users were bots used to inflate revenues. *Id.* at *1. The Circuit recognized that the short seller report made "no representation, express or implied, as to the accuracy, timeliness, or completeness" of its claims and the short seller "had a significant financial interest in seeing [the company's] stock decline"—all of

Hon. Diane Gujarati
February 23, 2024
Page 2

which applies to the Wolfpack Report here. *Id.* Moreover, as here, the report "fail[ed] to detail how it determined" the alleged fraud and plaintiffs "failed to allege additional facts supporting this central claim of fraud." *Id.* at *2.

- In *Victor J. NG, v. Berkeley Lights Inc.*, No. 21-CV-09497-HSG, 2024 WL 695699 (N.D. Cal. Feb. 20, 2024) (enclosed as Ex. B), the court concluded plaintiffs failed to sufficiently allege the short seller report supported the allegations of falsity, "[g]iven [the short seller's] obvious self-interest in BLI's stock price declining and the lack of sufficient indicia plausibly demonstrating the report's reliability." *Id.* at *10.

**<u>Short Seller Reports Do Not Constitute Corrective Disclosures</u>**

Courts nationwide, including in this District, also continue to reject attempts to plead loss causation based on short seller reports, particularly where the reports merely repackage already-public information or disclaim the accuracy of their own conclusions, both of which apply here:

- In *Lanigan Grp., Inc. v. Li-Cycle Holdings Corp.*, No. 22CV02222HGRML, 2023 WL 6541884 (E.D.N.Y. Oct. 6, 2023) (enclosed as Ex. C), Judge Gonzalez dismissed securities claims that, like those here, relied on allegations in a short seller report of misleading accounting practices. *Id.* at *12. The court concluded "[p]laintiff's failure to identify any undisclosed information revealed as a result of the [short seller report] is fatal to its claim." *Id.* at *9 (citing *Harris v. AmTrust Fin. Servs.*, Inc., 135 F. Supp. 3d 155, 173 n.30 (S.D.N.Y. 2015) and *Zhong Zheng v. Pingtan Marine Enter. Ltd.*, 379 F. Supp. 3d 164, 178 (E.D.N.Y. 2019).)

- In *MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220 (11th Cir. 2023) (enclosed as Ex. D), the Eleventh Circuit held the short seller reports did not constitute corrective disclosures because "each report and article only repeated information already in the public domain," and such use of publicly available information "is 'fatal' to a claim of loss causation." *Id.* at 1246. In addition, "'expert analysis of the source material' that was previously unavailable to the market" does not constitute a corrective disclosure, as "the mere repackaging of already-public information by an analyst or short-seller is simply insufficient." *Id.*

- In *Leacock v. IonQ, Inc.*, No. CV DLB-22-1306, 2023 WL 6308045 (D. Md. Sept. 28, 2023) (enclosed as Ex. E), plaintiffs failed to plead loss causation based on a short seller report because it was "implausible that investors believed 'the relevant truth' was leaked by an anonymous short-seller report that 'cannot and does not provide any representations or warranties with respect to [its] accuracy,'" warns the information "may be outdated," "relies almost exclusively on anonymous sources," and "whose author 'stands to realize significant gains'" from a price decline. *Id.* at *23.

The reasoning of these decisions applies with equal force here and further supports granting Defendants' Motions to Dismiss. (*See* Joint MTD, ECF No. 158, at 11-12; Joint Reply, ECF No.

Hon. Diane Gujarati
February 23, 2024
Page 3

164, at 2; *iQIYI* MTD, ECF No. 159, at 7; *iQIYI* Reply, ECF No. 165, at 8-9; *Baidu* MTD, ECF No. 64, at 6-7; *Baidu* Reply, ECF No. 70, at 5-6.)

Respectfully submitted,

*/s/ Robert A. Fumerton*

Robert A. Fumerton

Encls.

cc: All Counsel of Record (via ECF)